UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62007-CV-COHN/SELTZER

LAND ROVER,

    Plaintiff,

v.

OZTRALIA, INC., and
SHAYNE YOUNG,

    Defendant.
_____/

## AMENDED ORDER GRANTING MOTION TO ENFORCE CONSENT JUDGMENT[1]

**THIS CAUSE** is before the Court on Plaintiff Land Rover's Verified Motion to Enforce Consent Judgment and for Contempt Sanctions [DE 34] ("Motion").  The Court has reviewed the Motion, the exhibits thereto, Defendants' untimely Response [DE 36], Plaintiff's Reply [DE 37], and is otherwise advised in the premises.

### I. BACKGROUND

Defendants Oztralia, Inc. and Shayne Young (collectively "Defendants") own and operate "The Rover Shop" in Fort Lauderdale, offering goods and services to owners of Land Rover vehicles similar to those provided by authorized Land Rover licensees.  In conjunction with their operation of The Rover Shop, Defendants have appropriated for themselves Land Rover's federally registered trademarks, which include the Land Rover and Rover word marks, and the Land Rover oval logo.  Defendants, however, are not licensed to use Land Rover's marks.

Consequently, on October 19, 2010, Plaintiff filed a Complaint [DE 1] against

---

[1] This Order is amended only to correct a typographical error on page 7.

Defendants. Defendants failed to file a timely response to the Complaint, so the Clerk entered a Clerk's Default against both Defendants on November 19, 2010. See DE 12. Four days later, Defendant Shayne Young filed a letter with the Court wherein he explained his position in this case. See DE 13. As the Court stated in a Status Report Order [DE 14], "[t]he letter . . . does not constitute a formal pleading." DE 14 at 1. Nonetheless, the Court vacated the Clerk's Default as it pertained to Shayne Young. See id. at 2. The Court made clear, however, that the Court would not vacate the Clerk's Default as it pertained to Defendant Oztralia, Inc., "for it is black letter law that a corporation cannot represent itself and must be represented by counsel." Id. at 1 (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); Nat'l Independent Theater Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985)).

Thereafter, Plaintiff filed a Motion for Default Judgment Against Defendant Oztralia, Inc. [DE 15]. Rather than grant the Motion for Default Judgment Against Defendant Oztralia, Inc., the Court referred this case to Magistrate Judge Peter R. Palermo for mediation. See DE 21. Based on the mediation, the parties reached an agreement, see DE 31, and, on January 28, 2011, the Court entered a Consent Judgment [DE 29] against Defendants.

The Consent Judgment provides, in relevant part, as follows:

1. Effective as of February 10, 2011, Defendants, its officers, employees, agents, successors and assigns, and all those in active concert and participation with them, are permanently enjoined from the use in commerce of any of Land Rover's trademarks or service marks, including but not limited to LAND ROVER, RANGE ROVER, ROVER, or the Land Rover Green Oval logo, or any mark, phrase,

2

slogan, or device that is a colorable imitation thereof, confusingly similar thereto, or that falsely suggests an association with Land Rover. This restriction applies in any medium, including but not limited to the internet (including but not limited to the websites located at "therovershop.com," "shayneyoung.com" and "thesaabshop.com"), domain names, signage, pamphlets, print ads, television or radio broadcasts. By way of example, Defendants are prohibited from advertising the mnemonic phone number (954) 76-ROVER, the name "The Rover Shop," the slogan LAND ROVER SPECIALISTS, and the domain names "therovershop.com," "prestigebritishlandrover.com," and "prestigebritishrover.com."

. . .

3. Defendants shall promptly transfer ownership and control of the domain names "prestigebritishlandrover.com" and "prestigebritishrover.com" to Land Rover, and cooperate with Land Rover in any manner necessary to complete the transfer.

4. Within 14 days of this judgment, Defendants shall choose a new business name for its "Rover Shop" business and adopt a new internet domain name for the business, subject to Land Rover's reasonable approval. Within the same timeframe, Defendants shall remove the website content associated with the rovershop.com domain name, and cause the domain name therovershop.com to redirect users to the new domain name. Within four months of this judgment, Defendants shall transfer ownership of therovershop.com domain name to Land Rover, and cooperate with Land Rover in any manner necessary to complete the transfer.

5. The Court shall retain jurisdiction to enforce this judgment. In the event that Land Rover discovers what it believes to be a violation of this judgment by either or both Defendants, Land Rover shall deliver notice of same to the offending Defendant by U.S. mail, registered mail, or overnight courier. That Defendant shall have 14 days from the sending of the notice to cure the violation. If the violation is not cured, Land Rover may petition this Court to find the Defendant has, in fact, violated the injunction, the Court shall award no less than $100,000 against each Defendant who is adjudicated to be in violation of the injunction. This amount represents an estimate of the degree of injury to Land Rover, which is difficult to quantify, and not a penalty, and does not limit or waive any additional relief that Land Rover may choose to seek.

DE 29 at 1-2.

According to Plaintiff, on February 28, 2011, Defendant Young "declared that he would not transfer *any* domain names to Land Rover after all, nor take any other action required by the Consent Judgment." Motion at 8. The Motion includes photographs which Plaintiff's counsel represents that he took on March 8, 2011, at Defendants' place of business at 711 West Broward Boulevard in Fort Lauderdale, Florida. The photos indicate that Defendants are not in compliance with the terms of the Consent Judgment. For example, Defendants' place of business has multiple flags that bear Land Rover's LAND ROVER Oval Logo mark.

Land Rover represents that it has sent three separate letters to give Defendants 14 days' written notice of violations before seeking contempt sanctions. According to Plaintiff, the violations "were identified in a February 23, 2011 letter that was sent to Defendants' address of record with the State of Florida" but the letter "was returned by the U.S. Postal Service as undeliverable." Motion at 10. On March 8, 2011, "Land Rover resent the letter to that address and to the street address of Defendants' business." Id. Neither letter, however, has been returned.

Plaintiff filed the instant Motion, supported by unsworn declarations,[2] on March

---

[2] Title 28 U.S.C. § 1746 provides as follows:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the

4

25, 2011 (i.e., more than fourteen days after Land Rover sent Defendants the letter for the last time). Defendants' response was therefore due on April 11, 2011. Neither Defendant filed a timely response. Indeed, Defendant Oztralia, Inc. has not responded to the Motion at all. Defendant Shayne Young filed a pro se response on April 19, 2011.³

Defendant Young denies many of the assertions in the Motion. Most of Defendant Young's Opposition denies Plaintiff's claims regarding Defendants' ownership of websites and their unwillingness to transfer them. Defendant Young, however, does not deny that he continued to use Plaintiff's marks in violation of the Consent Judgment after the Consent Judgment took effect on February 10, 2011. Rather, Defendant Young merely represents that he "was on vacation for the period of 2 weeks from March 7 but is in receipt of 14 day notice to comply upon his return to work (returned on March 21) and has rectified all alleged infractions within the 14 day period (see attached photographs) and counsel's statement of non-compliance at time

---

> unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"

Here, Plaintiff's counsel submitted signed, dated declarations in substantially the form set forth in the statute. See, e.g., DE 34-2.

³ Not only was Defendant Young's Opposition untimely, but Defendant Young never moved for an extension of time, nor does his Opposition comply with formatting rules for filings in this Court.

of their last mailing is once again untrue." Opposition at 2.  Notably, Mr. Young's representations are not substantially in the form provided for in 28 U.S.C. § 1746 and therefore do not constitute evidence.

## II. DISCUSSION

"[U]nder a settlement agreement [in the form] of a consent decree, the plaintiff thereafter may return to court to have the settlement enforced.  In the case of court-approved settlements and consent decrees, even if there has been no judicial determination of the merits, the outcome is at least the product of, and bears the sanction of, judicial action in the lawsuit."  Smalbein v. City of Daytona Beach, 353 F.3d 901, 907 (11th Cir. 2003).  "Civil contempt can be either coercive, which is intended to make the recalcitrant party comply, or compensatory, which reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance.  This reimbursement includes losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance."  Rickard v. Auto Publisher, Inc., 735 F.2d 450, 458 (11th Cir. 1984).

Plaintiff bears the initial burden of demonstrating by clear and convincing evidence that the alleged contemnor has violated a valid court order. Howard Johnson, Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990).  If Plaintiff makes out a prima facie case, "the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion of inability."  Id. (quotations omitted).  Mr. Young's self-serving and unverified assertion that he complied with the Consent Judgment within fourteen days of returning from a vacation is irrelevant to his compliance with a Consent Judgment that took effect on February 10, 2011.  Indeed,

6

no evidence exists that Defendants cured the violations within fourteen days of March 8, 2011.  Moreover, Mr. Young's own photographs and representations indicate that he continues to use flags that bear the LAND ROVER Oval Logo mark.  Mr. Young has disregarded the import of these proceedings at every turn and required Plaintiff not only to vigorously defend its rights, but also to police the Consent Judgment.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Land Rover's Verified Motion to Enforce Consent Judgment and for Contempt Sanctions [DE 34] is **GRANTED**.
2. Defendants are in civil contempt for having willfully violated the Consent Judgment.
3. Plaintiff Land Rover shall recover from Defendant Shayne Young the sum of $100,000.00.
4. Plaintiff Land Rover shall recover from Defendant Oztralia, Inc. the sum of $100,000.00.
5. Defendants shall immediately
   a. remove all signage, banners, and promotional and advertising material featuring the name THE ROVER SHOP, LAND ROVER, the Land Rover Oval Logo, or any other trademark or service mark of Land Rover;
   b. transfer to Land Rover ownership of the domain name registrations for prestigebritishlandrover.net, presitgebritishrover.net, and therovershop.com (collectively, "the Domain Name Registrations"); and

      c.      otherwise comply with the terms of the Consent Judgment.

6. If, within five (5) business days of this Order, Defendants have not removed all signage, banners, and promotional and advertising material featuring the name THE ROVER SHOP, LAND ROVER, the Land Rover Oval Logo, and any other of Land Rover's trademarks or service marks, or have not cooperated in the transfer of the Domain Name Registrations to Land Rover, the Court shall consider imposing further contempt sanctions, including, without limitation, the imposition of further damages in the amount of $500 per day for each day that passes without Defendants' full compliance with the terms of this Order and the Consent Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 28th day of June, 2011.

JAMES I. COHN
United States District Judge